UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| CALESHA HARRIS, : | Case No. 1:23-cv-77 |
| Petitioner, : | |
| : | |
| vs. : | District Judge Michael R. Barrett |
| : | Magistrate Judge Kimberly A. Jolson |
| WARDEN, DAYTON : | |
| CORRECTIONAL INSTITUTION, : | |
| Respondent. : | |

## REPORT AND RECOMMENDATION

On February 9, 2023, petitioner filed a petition for a writ of habeas corpus in this Court. (Doc. 1).   The Court issued a Deficiency Order on February 13, 2023, requiring petitioner to either pay the $5.00 filing fee or file a motion for leave to proceed without prepayment of fees within thirty (30) days.  (Doc. 3).  Petitioner was also ordered to sign the habeas petition submitted to the Court and return it to the Clerk of Court, also within thirty (30) days.   To date, petitioner has not complied with the Deficiency Order.

On March 27, 2023, more than thirty days after the February 13, 2023 Deficiency Order, the undersigned issued a Report and Recommendation to dismiss this action for want of prosecution.  (Doc. 4).  On April 14, 2023, the Court issued an Order adopting the Report and Recommendation and dismissing this action for lack of prosecution.   (Doc. 5).

On May 3, 2023, petitioner filed a motion seeking to reopen this case.   (Doc. 7). Petitioner indicates that the prison mail is three months behind.  With respect to the filing fee, petitioner further indicates that she "filled out a cash slip for 5 dollars from the jail" and does not understand why the filing fee was not paid.  (*Id.* at PageID 38).

For good cause shown, it is **RECOMMENDED** that petitioner's motion (Doc. 7) be **GRANTED** to the extent that this action be reopened and petitioner be provided with an additional thirty (30) days to comply with the February 13, 2023 Deficiency Order.[1]

**IT IS SO RECOMMENDED.**

Date: August 23, 2023                              s/Kimberly A. Jolson
                                                   Kimberly A. Jolson
                                                   United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[1] To the extent that petitioner requests the appointment of counsel, petitioner is not entitled to the appointment of counsel to assist her in filing a habeas petition. *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987); *Johnson v. Avery*, 393 U.S. 483, 487 (1969). Further, at this stage in the proceedings, the Court is unable to determine whether "the interests of justice . . . require" the appointment of counsel. 18 U.S.C. § 3006A(a)(2). The Court, therefore, defers ruling on petitioner's motion to the extent that she requests the appointment of counsel in this action.