# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| CALESHA HARRIS, | : | Case No. 1:23-cv-77 |
| Petitioner, | : | |
| vs. | : | District Judge Michael R. Barrett |
| | : | Magistrate Judge Kimberly A. Jolson |
| WARDEN, DAYTON CORRECTIONAL INSTITUTION, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

Petitioner initiated this action for a writ of habeas corpus on February 9, 2023.  (Doc. 1).  On February 13, 2023, the Court issued a Deficiency Order, requiring petitioner to either pay the $5.00 filing fee or file a motion for leave to proceed without prepayment of fees within thirty (30) days.  (Doc. 3).  Petitioner was also ordered to sign the habeas petition submitted to the Court and return it to the Clerk of Court, also within thirty (30) days.  To date, petitioner has not complied with the Deficiency Order.

Based on petitioner's failure to comply with the Deficiency Order within thirty days, the undersigned issued a Report and Recommendation to dismiss this action for lack of prosecution (Doc. 4), which was adopted the by the Court on April 14, 2023.  (Doc. 5).

On May 3, 2023, petitioner filed a motion seeking to reopen this case.  (*See* Doc. 7).  On September 13, 2023, the Court granted the motion, reopened the case, and ordered that petitioner fully comply with the February 13, 2023 Deficiency Order "no later than **October 16, 2023**."  (Doc. 9 at PageID 42) (emphasis in original).  Petitioner was advised "that her failure to comply with the Deficiency Order will (again) result in the dismissal of this action for want of

prosecution." (*Id.*).

To date, weeks after the October 16, 2023 filing deadline, petitioner has failed to comply with the Order of the Court.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962). Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding. *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Accordingly, this case should be dismissed for petitioner's failure to comply with the Court's September 13, 2023 Order. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for want of prosecution.

**PROCEDURE ON OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


Date:  November 3, 2023                                                     s/Kimberly A. Jolson
                                                                               Kimberly A. Jolson
                                                                               United States Magistrate Judge